ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 8 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| WEST COAST LIFE INSURANCE COMPANY, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No: 4:17-cv-605-A ) |
| KENNETH DEAN MARTIN and WADE ALLEN DELK, | ) ) ) ) |
| *Defendants.* | ) |

## JOINT STATUS REPORT

Pursuant to the Court's August 21, 2017 Order and Federal Rule of Civil Procedure 26(f), Plaintiff West Coast Life Insurance Company ("West Coast") and Defendants Kenneth Dean Martin ("Martin") and Wade Allen Delk ("Delk") file this Joint Status Report and state:

1. **A brief statement of the claims and defenses:**

   **Plaintiff:** West Coast issued a policy of life insurance, Policy Number Z02390964 (the "Policy"), to Linda M. Martin (the "Insured") in the amount of $250,000.00 (the "Policy Proceeds"). The Insured designated her husband, Martin, as the primary beneficiary of the Policy, and her child, Delk, as the contingent beneficiary. The Insured died from gunshot wounds on May 31, 2016 and Martin has been charged in connection with her death. West Coast filed its Complaint for Interpleader as the insurer and holder of the Policy Proceeds pursuant to Texas Estates Code §1103.151, which provides that a beneficiary under a life insurance policy is disqualified from receiving the benefits if the beneficiary participated in willfully bringing about the death of the insured.

   **Defendant Delk:** Delk asserts an interest in the Policy Proceeds and agrees that the Policy Proceeds should be interpled into the Court's registry pending a resolution of the state court litigation regarding whether Martin was a principal or an accomplice in willfully bringing about the death of the insured.

   **Kenneth Martin:** Martin has answered and asserted his Fifth Amendment rights.

**Stipulation of the Parties Regarding Abatement:** The parties propose and have agreed that Plaintiff interplead the Policy Proceeds into the Court's registry and be dismissed with prejudice from further participation in this suit. The parties further stipulate and agree that the case should be abated pending the resolution of the state court litigation, *Amy Delk and Wade Delk v. Kenneth Dean Martin*, Cause No. PR-2016-00551-01 in the Probate Court of Denton County, Texas (the "State Court Action").

2. **Jurisdiction and venue:**

   No challenges.

3. **Pending or contemplated motions:**

   The Parties will file a Joint Motion to Abate immediately following this report. Because the recipient of the Policy Proceeds turns on the court's determination in the State Court Action, the Parties request this Court abate this Action.

   Plaintiff West Coast will also file an Unopposed Motion to Deposit Interpled Funds into an Interest Bearing Account, for Discharge and Dismissal with Prejudice, and for Attorneys' Fees immediately following this report. The Parties agree the Policy Proceeds should be interpled into the Court's registry and that Plaintiff West Cost should be dismissed with prejudice.

4. **Whether a conference with the Court is desired:**

   No conference is requested unless the Court desires to hear oral argument on the Joint Motion to Abate.

5. **Joinder of other parties:**

   The parties propose all motions for leave to join parties be filed within 120 days. The Parties do not expect any other parties to be joined.

6. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded:**

   The parties propose that no trial date be set at this time and instead abate this action pending resolution of the State Court Action.

   Alternatively, the parties request that the trial date be set at least 18 months from the date of this report.

7. **Settlement conference report:**

   The parties participated in a settlement conference in accordance with the Court's Order and agree to all matters proposed in this Joint Status Report.

8. **Proposed discovery plan:**

**(A) Proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when the disclosures under Rule 26(a)(1) were made or will be made:**

The parties propose that Initial Disclosures be exchanged 14 days from the date of this report.

**(B) A statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues**

The parties propose that:

a.  Factual discovery closes 90 days prior to trial; and

b.  Expert discovery closes 60 days prior to trial.

**(C) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI:**

The parties propose that all ESI be reduced to a PDF format and be produced electronically.

**(D) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order:**

None.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties propose that, absent an agreement by the parties, discovery be limited to Initial Disclosures, no more than 20 Interrogatories and the depositions of the parties. The parties further stipulate that all discovery conducted in any state court proceeding wherein each party has appeared will be available for use in this matter as well.

**(F) Other orders:**

*A proposed time limit to amend the pleadings:*

The parties propose all amended pleadings be filed no later than 60 days prior to trial.

*Proposed time limits to file various motions including dispositive motions:*

The parties propose dispositive motions be filed no later than 120 days prior to trial.

*A proposed time limit for initial designation of experts:*

The parties propose that initial designation of experts be no later than 150 days prior to trial.

*A proposed time limit for responsive designation of experts:*

The parties propose that responsive designations of experts be no later than 30 days after the initial designation.

*A proposed time limit for objections to experts (i.e., Daubert and similar motions):*

The parties propose all objections to experts be made no later than 30 days after designation.

*Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton:*

The parties do not consent to trial before the U.S. Magistrate.

9. **Other matters relevant to the status and disposition of this case:**

The parties anticipate that settlement negotiations will take place in the State Court Action.

The Parties request the Court rule on their Joint Motion to Abate and Plaintiff West Coast's Unopposed Motion to Deposit Interpled Funds into an Interest Bearing Account, for Discharge and Dismissal with Prejudice, and for Attorneys' Fees following this report.

The Parties agree that Plaintiff West Coast shall be awarded $10,000.00 in attorneys' fees.

Dated: September 13, 2017.

                        Respectfully submitted,

                        _____

Kelly C. Hartmann
State Bar No. 24055631
G. Alan Teague
State Bar No. 24089940
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
14643 Dallas Parkway, Suite 625
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973
Email: khartmann@gallowaylawfirm.com
Email: ateague@gallowaylawfirm.com
**COUNSEL FOR PLAINTIFF WEST COAST LIFE INSURANCE COMPANY**


                        Respectfully submitted,

                        _____

Victor A. Rivera
State Bar No. 24047268
RIVERA LAW FIRM, P.C.
109 S. Woodrow Ln., Ste. 300
Denton, Texas 76205
Tele: (469) 400-0000
Fax: (469) 317-3331
Email: Victor@RiveraFirm.com
**COUNSEL FOR DEFENDANT WADE DELK**

Respectfully submitted,

/s/ Warren V. Norred
Orsen E. Paxton, III
State Bar No. 15649100
Warren V. Norred
State Bar. No. 24045094
204 S. Mesquite St.
Arlington, TX 76010
Telephone: (817) 275-6611
Fax: (817) 275-6621
Email: paxton.orsen@paxlawfirm.com
**COUNSEL FOR DEFENDANT**
**KENNETH MARTIN**