

ORIGINAL w/order

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 8 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WEST COAST LIFE INSURANCE COMPANY, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No: 4:17-cv-605-A |
| KENNETH DEAN MARTIN and WADE ALLEN DELK, | ) ) ) ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S UNOPPOSED MOTION TO DEPOSIT INTERPLED FUNDS INTO AN INTEREST BEARING ACCOUNT, FOR DISCHARGE AND DISMISSAL WITH PREJUDICE, AND FOR ATTORNEYS' FEES

Plaintiff West Coast Life Insurance Company ("West Coast") files its Unopposed Motion to Deposit Interpled Funds into an Interest Bearing Account, for Discharge and Dismissal with Prejudice, and for Attorneys' Fees and states:

### NATURE OF THE ACTION

1. On October 12, 2003, West Coast issued a policy of life insurance, Policy Number Z02390964, in the face amount of $250,000 (the "Policy Proceeds") to Linda M. Martin. In the application that was incorporated in and a part of the Policy, the Insured designated her husband, Kenneth Dean Martin ("Martin"), as the primary beneficiary of the Policy and her son, Wade Allen Delk ("Delk"), as the contingent beneficiary.

2. As set forth in West Coast's Complaint for Interpleader, West Coast has determined that the Policy Proceeds are payable plus accrued interest, but given the circumstances of the Decedent's death, the fact that Martin has been charged with the Decedent's murder, and the potential that a conflicting claim could be asserted by Delk, West Coast is

unable to determine to whom the death benefit and accrued interest may be paid without risking double or multiple liability. *See Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., LLC*, 782 F.3d 186, 192-93 (5th Cir. 2012) (interpleader is appropriate when "two or more adverse claimants claim *or may claim* to be entitled to the funds.") (emphasis added); *Transamerica Annuity Serv. Corp. v. Symetra Life Ins. Co.*, Civ. A. H-16-1426, 2017 U.S. Dist. LEXIS 15550, at *6 (S.D. Tex. Feb. 3, 2017) ("[E]ven the mere 'threat of multiple vexation by future litigation provides a sufficient basis for interpleader.'") (internal citations omitted). Therefore, West Coast now seeks to interplead those funds into the registry of the Court.

3. The parties agree that West Coast shall be awarded $10,000.00 in attorneys' fees to be deducted from the Policy Proceeds for expenses and costs associated with bringing this action. The parties further agree that West Coast shall be discharged and dismissed with prejudice from further proceedings arising under the Policy.

## **INTERPLED FUNDS**

4. West Coast must deposit the Policy Proceeds into the Registry of the Court. Accordingly, West Coast wishes to tender into the Registry of the Court the total amount of $240,000, representing the Policy Proceeds, plus any applicable interest, less West Coast's award of attorneys' fees, agreed to by all Parties. West Coast requests that the Court allow it to deposit such funds into the Registry of the Court, and that such funds be placed into an interest bearing account pending resolution of the controversy and the Court's adjudication of the conflicting claims.

## **RELIEF REQUESTED**

5. **WHEREFORE,** West Coast respectfully requests that this Court allow it to deposit such funds into the Registry of the Court, and that such funds be placed into an interest

bearing account pending resolution of the controversy and the Court's adjudication of the conflicting claims.

6. West Coast further requests the Court award it $10,000.00 in attorneys' fees, as agreed by all Parties, for expenses and costs associated with bringing this action.

7. West Coast further requests that upon its deposit of the Policy Proceeds, plus any applicable interest, less West Coast's attorneys' fees, that it be discharged and dismissed with prejudice from any and all further proceedings.

8. Finally, West Coast requests it be awarded such other and further relief as the Court may deem appropriate.

DATE: September 13, 2017.

Respectfully submitted,

Kelly C. Hartmann
State Bar No. 24055631
G. Alan Teague
State Bar No. 24089940
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
14643 Dallas Parkway, Suite 625
Dallas, Texas 75254
Tele: (214) 545- 6389 / Fax: (214) 442-7973
Email: khartmann@gallowaylawfirm.com
Email: ateague@gallowlawfirm.com
**COUNSEL FOR PLAINTIFF**
**WEST COAST LIFE INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

The undersigned counsel for West Coast Life Insurance Company ("West Coast") certifies that counsel for West Coast conferred with Victor Rivera, counsel for Defendant Wade Delk, and Orsen E. Paxton, III, counsel for Defendant Kenneth Martin, regarding the foregoing Motion. Ms. Hernandez and Mr. Paxton advised they are not opposed to the Motion.

_____
G. Alan Teague

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to all known counsel of record on this 13th day of September, 2017 as follows:

Victor A. Rivera
RIVERA LAW FIRM, P.C.
109 S. Woodrow Ln., Ste. 300
Denton, Texas 76205
Fax: (469) 317-3331
Email: Victor@RiveraFirm.com
**COUNSEL FOR DEFENDANT WADE DELK**

Orsen E. Paxton, III
Warren V. Norred
204 S. Mesquite St.
Arlington, TX 76010
Fax: (817) 275-6621
Email: paxton.orsen@paxlawfirm.com
**COUNSEL FOR DEFENDANT KENNETH MARTIN**

_____
G. Alan Teague