**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 27 2017
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| WADE ALLEN DELK, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No: 4:17-cv-605-A |
| ) | |
| KENNETH DEAN MARTIN, ) | |
| ) | |
| *Defendant.* ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Wade Allen Delk, brings this Complaint in compliance with this Court's *Order* dated September 20, 2017, which renamed him the Plaintiff.[1] This case began as an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. §§ 1332 and 1335, and the original named Plaintiff was West Coast Life Insurance Company, hereinafter referred to as "West Coast."[2]

### PARTIES

1. West Coast, the original Plaintiff, is a corporation organized and existing under the laws of Nebraska, with its principal place of business in Birmingham, Alabama. West Coast is qualified to do business and does business in the State of Texas, including Denton County.

---

[1] Doc. 23
[2] Doc. 1

2. Wade Allen Delk, the new Plaintiff, is, upon information and belief, an individual and resident of Denton County, Texas. He is the adult son of the Decedent named herein below.

3. Kenneth Dean Martin is, upon information and belief, an individual and resident of Tarrant County, Texas. He was married to Linda Marie Martin, hereinafter referred to as the "Insured" or the "Decedent," at the time of her death.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Original Plaintiff, West Coast, the New Plaintiff, Wade Allen Delk, and the Defendant, Kenneth Dean Martin, and because the amount in controversy exceeds $75,000.00, exclusive interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant resides in this judicial district and the Defendant is subject to personal service of process in this judicial district.

## FACTUAL ALLEGATIONS

6. On October 12, 2003, West Coast issued a policy of life insurance, hereinafter referred to as the "Policy," Policy Number Z02390964, a term life insurance contract with an initial term of twenty (20) years, in the face amount of $250,000 to Linda Marie Martin, the Insured/Decedent. In the application that was

incorporated in and a part of the Policy, the Insured designated her husband, Kenneth Dean Martin, hereinafter referred to as the "Defendant," as the primary beneficiary of the Policy, and her son, Wade Allen Delk, hereinafter referred to as the "New Plaintiff", as the contingent beneficiary. A copy of the application and Policy were attached as exhibits to West Coast's initial filings.[3]

7. On May 31, 2016, the Insured died in Grapevine, Tarrant County, Texas. According to the death certificate, the cause of death was a gunshot wound to the face and the death was classified as a homicide.[4]

8. The Policy was in force and effect on May 31, 2016, at the time of the Decedent's death. On information and belief, Defendant, Kenneth Dean Martin, was arrested the same day and charged with the Decedent's murder.

9. Pursuant to the Texas slayer statute found in § 1103.151 of the Texas Insurance Code, "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured." In addition, Texas Estates Code § 201.058(b) states, "If a beneficiary of a life insurance policy or contract is convicted and sentenced as a principle or accomplice in wilfully bringing about the death of the insured, the proceeds of the insurance policy or contract shall be paid in the manner provided by the Insurance Code."

---

[3] Doc. 1
[4] Doc. 1

10. A beneficiary does not need to be convicted of murder to forfeit his or her interest in an insurance policy. *In re Estate of Stafford*, 244 S.W.3d 368, 370 (Tex. App. – Beaumont, 2008)("Section 1103.151 does not require a 'final conviction' before a beneficiary forfeits his rights to the proceeds.") Rather, a party seeking to establish that a beneficiary has forfeited his or her right to collect on an insurance policy need only prove by a preponderance of the evidence that the beneficiary willfully brought about the death of the insured. *Medford v. Medford*, 68 S.W.3d 242, 250 n.3 (Tex. App. – Fort Worth, 2002).

11. New Plaintiff asserts that Defendant caused the death of the Decedent. Defendant is currently on bail for murder in Tarrant County Cause Number 1512-908, in the 371st Judicial District Court. Assuming, *arguendo*, that Defendant is found guilty of murder or manslaughter under Texas law in connection with the death of the Insured, or Defendant accepts any type of plea offer related to the same, then under Texas law, Defendant may not receive any proceeds from the Policy. If Defendant is not entitled to the Policy proceeds under Texas law, the Policy proceeds will be due to the contingent beneficiary, the Decedent's son, Wade Allen Delk, the New Plaintiff, or otherwise subject to Texas' laws of descent and distribution.

12. West Coast has admitted to this Court in its filing that the death benefit under the Policy is payable in the amount of $250,000, plus accrued interest; however, due to the pending murder trial against the Defendant and the potential

conflicting claim being asserted by the New Plaintiff, West Coast cannot disburse the Policy proceeds.[5]

13. West Coast requested and was approved to deposit the Policy proceeds into the Registry of the United States District Court for the Northern District of Texas.[6]

14. As a result of the present controversy, the New Plaintiff was forced to retain the undersigned counsel and has agreed to pay attorney's fees and costs of the Court.

## REQUESTED RELIEF

**WHEREFORE**, New Plaintiff, Wade Allen Delk, respectfully requests that this Court enter a final judgment in favor of the New Plaintiff and against the Defendant, Kenneth Dean Martin, as follows:

1. That the Defendant, his agents, attorneys or assigns, be enjoined from instituting any action in any state or United States Court against West Coast relative to the proceeds of the Policy, or any portion thereof;

2. That the Court adjudicate the rightful beneficiary of the Policy proceeds;

3. That the Court declare under 28 U.S.C. § 2201 that the Defendant, Kenneth Dean Martin, has forfeited any interest in the Policy proceeds as a result of wilfully bringing about the death of the Insured;

4. That the New Plaintiff be awarded the Policy proceeds in compliance with § 1103.151 of the Texas Insurance Code;

---

[5] Doc. 1
[6] Docs. 21, 23

5. That the New Plaintiff recover his reasonable and necessary attorney's fees, for both his present and previous attorneys, and costs associated with this matter; and

6. That the Court grant the New Plaintiff such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Respectfully Submitted,

Victor Rivera
Rivera Law Firm, P.C.
Texas Bar No. 24047268

109 S. Woodrow Ln., Ste. 300
Denton, Texas 76205
Ofc: (469) 400-0000
Fax: (469) 317-3331
victor@riverafirm.com
Attorney for New Plaintiff, Wade Delk

## CERTIFICATE OF SERVICE

I, Victor Rivera, certify that on September 25, 2017, I mailed this original and one copy of this the New Petitioner's Complaint to the Clerk's Office via First Class U.S. Mail and served the same via e-mail and facsimile to Orsen Everett Paxton, III, Warren V. Norred, Kelly C. Hartmann, and Gary Alan Teague. In addition, the Clerk's Office should send a file-marked copy to all parties who have appeared and registered with CM/ECF.

Victor Rivera